*1115 OPINION.
Van Fossan :
Kespondent submits as a matter of law that a contribution to a religious or charitable organization is not deductible unless the sum is actually paid to the donee.
*1116 As to corporations the law unquestionably is as respondent contends. The statute permits deductions for “contributions or gifts made within the taxable year.” Article 23 (q)-l of Eegulations 94 provides that
Corporations may deduct, for a taxable year beginning after December 31,1935, to tbe extent provided by section 23 (q), contributions or gifts to organizations referred to in that section, only for tbe taxable year in wbicb they are actually paid, regardless of when pledged and regardless of whether tbe boobs and récords of tbe corporation are kept on tbe cash receipts and disbursements basis or tbe accrual basis.
This regulation was promulgated by the Commissioner, with the approval of the Secretary, pursuant to the specific authority of section 23 (q) of the Revenue Act of 1936.' We believe it to be a valid and reasonable regulation. Therefore, as to the deductions claimed by the Nehring Co., which respondent allowed to the extent of sums paid out and denied as to the balance, we affirm the Commissioner.
As to the individual claims for deductions, the statutory situation is not quite so clear. The phraseology- of the statute is the same, i. e., “contributions or gifts made within the taxable year,” but there is no comparable regulation. Article 23 (o)-l does not lay down specifically that the sums must be “actually paid.”
It is to be noted that the individuals reported their income on a cash receipts and disbursements basis. A cogent argument could be predicated on this fact to the effect that since no cash was disbursed no deduction can be allowed. We need not, however, rest our decision on this single ground. The simple fact is that in the situation as it existed throughout 1936 and 1937, the taxable years, the individuals had not given up beyond recall their right to exercise dominion over the funds in question; they could have countermanded the instructions previously given the bookkeeper and withdrawn their several pledges. Walker v. Commissioner, 91 Fed. (2d) 297. There being no consideration, the gifts could not have been enforced nor could they have been held liable to anyone for such action. The action taken in the taxable years fell short of culminating the gifts. Whether in the peculiar set of facts the donations would have been allowable as deductions if the entries had been made on the books in the taxable years, we need not decide. For whatever consequence it has, the fact is the entries were not so made. Cf. Walker v. Commissioner, supra.
Under the facts here present it can not be held that petitioners “made within the taxable year(s)” the contributions in question. The majority of the payments out of the company funds actually took place in 1938, but that year is not before us.

Decisions will be entered under Bule 50.